# EXHIBIT A



**U.S. Department of Justice**

Criminal Division

*Washington, D.C. 20530*

## ASSISTANT ATTORNEY GENERAL DECISION

**DECISION:**

In accordance with 28 U.S.C. § 2467(b)(2), (d)(3)(B)(ii), and the Attorney General's delegation of authority to the Assistant Attorney General for the Criminal Division, Number 2820-2006, I hereby find that it is in the interest of justice to CERTIFY for enforcement the attached three restraining orders issued by the Ontario Superior Court of Canada in Case No. 17-0365-MO on December 19, 2017.

**John Cronan**
**Acting Assistant Attorney General**
**Criminal Division**

5 - 21 - 18
**Date**

# EXHIBIT A
# ATTACHMENT A-1

Court File No.:

MD 17-0365

## ONTARIO
## SUPERIOR COURT OF JUSTICE
### (Toronto Region)

| | | |
|---|---|---|
| THE HONOURABLE M | ) | _Tues_ DAY, THE |
| | ) | |
| JUSTICE MCMAHON | ) | _17_ DAY OF |
| | ) | |
| | ) | _December_, 2017 |
| | ) | |

IN THE MATTER OF an Application by the Attorney General of Ontario pursuant to section 462.33 of the *Criminal Code of Canada* for an Order restraining certain property

B E T W E E N:

## HER MAJESTY THE QUEEN

Applicant

- and -

## EDWARD HARVARD HOLDINGS, LLC

Respondent

*(ex parte)*

---

## RESTRAINT ORDER
(Real Property – 2001 North Division Street (Route 14) Harvard IL, U.S.A.)

---

UPON THE *EX PARTE* APPLICATION in writing by the Attorney General for Ontario for an order pursuant to section 462.33 of the *Criminal Code of Canada*.

AND UPON READING the Notice of Application and the Affidavit of Steven Han, peace officer, which affidavit accompanies the Application.

**AND UPON** the Attorney General for Ontario undertaking to pay any damages or costs that may be ordered by a court of competent jurisdiction in relation to the execution and making of this Order.

**AND UPON BEING SATISFIED** that there is no requirement of notice of this Application as giving notice would result in the disappearance, dissipation or reduction of value of the property sought to be restrained or otherwise affect the property so that all or part thereof could not be subject to an order of forfeiture under subsection 462.37(1) or 462.38(2) of the *Criminal Code of Canada*.

**AND UPON BEING SATISFIED** that there are reasonable grounds to believe that there exists property in respect of which an order of forfeiture may be made under subsection 462.37(1) or 462.38(2) of the *Criminal Code of Canada*, to wit:

Real Estate Property:

The land and commercial premises municipally known as: 2001 North Division Street (Route 14) Harvard, IL, U.S.A.; Permanent Real Estate Index Number 01-25-100-018 and 01-25-376-003; as more fully and completely legal description of the property containing in the Special Warranty Deed attached hereto and marked as Schedule "A".

(hereinafter referred "the **Real Estate Property**")

Insurable Interest

Any Insurable interest in the Real Estate Property including the right to receive the proceeds of insurance of any policies of insurance issued against the Real Estate Property.

(hereinafter referred "the **Insurable Interest**")

1.     **THIS COURT ORDERS** that all persons are prohibited from disposing of, or otherwise dealing with, in any manner whatsoever, any interest in the Real Estate Property, except as hereinafter provided.

2.     **THIS COURT FURTHER ORDERS** that no mortgage, hypothec, charge, conveyance of any interest or any other encumbrance whatsoever or agreement to mortgage, charge, hypothec or convey any interest may be entered into in respect of or registered against any of the real estate property except as may be permitted by further order of this Court or with the written consent of the Attorney General of Ontario, and any such mortgage, hypothec, charge, interest or any other encumbrance or agreement noted above shall be deemed void.

3.     **THIS COURT FURTHER ORDERS** that no writ of seizure and sale filed after the date of this order shall attach or bind any of the Real Estate Property without an order of a Justice of this Court.

4.     **THIS COURT FURTHER ORDERS** that the registered owners of the Real Estate Property (hereinafter the "owners") or lawful occupants of the Real Estate Property shall be permitted to continue to occupy the real estate property **PROVIDED THAT** the owners shall:

   a) maintain the Real Estate Property in a good state of repair and take all steps reasonably necessary to preserve the Real Estate Property and ensure that the Real Estate Property is insured against all common perils;

   b) within 14 days of service of this order upon the owners, provide the Director of Asset Management – Criminal, Ministry of the Attorney General, 720 Bay Street,

10th Floor, Toronto, Ontario, M7A 2S9, with a copy of any certificate of insurance or insurance policy in force in respect of the Real Estate Property.

5.      **THIS COURT FURTHER ORDERS** that the Director of Asset Management — Criminal, Ministry of the Attorney General of Ontario, may obtain any statements of account or proof of compliance with respect to: the obligations of the owners under the terms and covenants contained in any rules or other agreements, mortgages, charges or other encumbrance; municipal work orders and by-laws, provincial building code regulations and orders; realty and property taxes and all expenses for fees and utilities, including charges for hydro, water, sewage and gas, assessed or incurred in respect of the real estate property together with any arrears; and insurance premiums with respect to any policies of insurance issued against the Real Estate Property.

6.      **THIS COURT FURTHER ORDERS** that any person or service provider shall provide such statements as outlined in paragraph 5 of this Order, and/or proof of compliance without charge within ten days of a written request by the Director of Asset Management — Criminal, Ministry of the Attorney General of Ontario.

7.      **THIS COURT FURTHER ORDERS** that, if all or a portion of the Real Estate Property is the subject of a rental agreement as of the date of this order, then the owners of the Real Estate Property may continue to rent the Real Estate Property subject to the terms of the existing rental agreement, **PROVIDED THAT** there shall be no variation to any existing rental agreement, and no new rental agreement shall be entered into in respect of the Real Estate Property, except upon the written consent of the Attorney General for Ontario or his agent, or unless otherwise ordered by this Court after giving notice to the Attorney General for Ontario, and to any other interested person or

persons and after providing a reasonable opportunity for such persons to make submissions with respect to the intended variation or new agreement.

8.      **THIS COURT FURTHER ORDERS** that the Real Estate Property may be sold in accordance with the following procedure:

      (a) Any offer to purchase any of the Real Estate Property shall be submitted to the Attorney General for Ontario by the owners or any other vendor before it is accepted by the owners or any other vendor;

      (b) No offer to purchase the Real Estate Property may be accepted by the owners or any other vendor without the written consent of the Attorney General for Ontario. If the Attorney General for Ontario approves, the sale of the Real Estate Property may be completed, and the whole of the purchase price, less approved adjustments, the usual disbursements on a similar sale and any outstanding principal, interest, penalties or costs under any existing mortgage, charge or other encumbrance shall be paid to the Attorney General for Ontario and remain there until further order of this Court or a court of competent jurisdiction. If the offer is not approved by the Attorney General for Ontario or there is any disagreement with respect to the completion of the sale, a Justice of this Court, on application on three days notice to any interested party, may approve the sale and give such directions as are necessary to complete the sale. On such application, counsel for the Attorney General for Ontario, the purchaser, the owners, and any other vendor, shall be given a reasonable opportunity to make submissions, on their own or by counsel on their behalf, to this Court with respect to the offer to purchase or the completion of the sale;

(c) If the offer to purchase is approved by a Justice of this Court after the hearing of submissions by counsel for the Attorney General for Ontario, the purchaser, the owners, and any other vendor, on their own or by counsel on their behalf, the sale of the real estate property may be completed. Upon the completion of the sale the whole of the purchase price, less approved adjustments, the usual disbursements on a similar sale and any outstanding principal, interest, penalties or costs under any existing mortgage, charge or other encumbrance shall be paid to the Attorney General for Ontario and remain there until further order of this Court or a court of competent jurisdiction;

(d) After the completion of a sale in accordance with subparagraphs (b) or (c) above, the registration of the transfer with the consent of Her Majesty In Right of Ontario, and the registration of an Application to Amend (to delete this order) by the Attorney General for Ontario, this order shall cease to bind the property and the land registrar is authorized and directed to delete this order from title to the property.

9.    **THIS COURT FURTHER ORDERS** that no action, application or other proceedings shall be taken or continued against the Real Estate Property without the written consent of the Attorney General for Ontario or leave of this Court first being obtained, **PROVIDED THAT** this paragraph does not apply to any encumbrancer enforcing any rights arising out of the terms and conditions of any existing mortgage, charge or other encumbrance.   In the event that any action, application or other proceeding is commenced by any encumbrancer, other than the Attorney General for

Ontario exercising rights under this Order, the Attorney General for Ontario shall be served in the manner set out in this Order. Nothing in this paragraph shall interfere with the rights of sale set out in this Order.

10.    **THIS COURT FURTHER ORDERS** that in the event of a claim being made by an insured on a policy of insurance issued against the real estate property, subject to the rights of any mortgagee arising out of a loss payable clause in any policy of insurance, the proceeds of insurance shall be paid into court and remain there until further order of this Court.

11.    **THIS COURT FURTHER ORDERS** that a copy of this order be served, in any manner provided for in the *Criminal Proceedings Rules,* upon the following persons:

   a)  Edward Harvard Holdings, LLC – 600 Town Center, Dearborn, Michigan 48126, IL, U.S.A.;

   b)  Xiao Hua Gong – 99 York Mills Road, Toronto, Ontario; and

   c)  Xiao Hua Gong – 12A Park Lane Circle, Toronto, Ontario.

12.    **THIS COURT FURTHER ORDERS** that the Attorney General for Ontario or counsel instructed by him may, on three clear days notice to the Respondent, apply to a Judge of this Court for a variation, amendment to or addition of any term of this Order.

13.    **THIS COURT FURTHER ORDERS** that service of any documents or notices of any application on the Attorney General for Ontario may be served at the Crown Law Office – Criminal, 720 Bay Street, 10th Floor, Toronto, Ontario, M7A 2S9.

Restraint Order -- **Page 8**

14.     THIS COURT FURTHER ORDERS that a copy of this order shall be registered against any property in accordance with the laws.

15.     FOR GREATER CERTAINTY, as provided by subsections 462.35(2) & (3) of the *Criminal Code of Canada,* this order may continue in force for a period or periods in excess of six months from the date of this order if proceedings are instituted in respect of which the restrained properties may be forfeited.

16.     NOTHING in this order prohibits the registration of a writ of execution by a party whose interest is already registered on title as of the date of this order providing that any sale, pursuant to such a writ, must be approved in accordance with paragraph 3.

Dated at the City of Toronto, Ontario, this   *17*   day of   *December,* 2017.

_____

Justice
Ontario Superior Court of Justice

*TAKE NOTICE*

Section 462.33(11) of the *Criminal Code of Canada* provides as follows:

> *Any person on whom an order under subsection (3) is served in accordance with this section and who while the order is in force, acts in contravention of or fails to comply with the order is guilty of an indictable offence or an offence punishable on summary conviction.*

Schedule "A"



*Joseph J. Tirio*
*McHenry County Recorder*

# CERTIFICATION

I, Joseph J. Tirio, Recorder for the County of McHenry, State of Illinois, do hereby certify this to be a true and correct copy of Document Number 2016R0017947 recorded on May 26, 2016 in my office. In witness whereof, I have set my hand and affixed the seal of my office.

DATE; June 14, 2017

*Joseph J. Tirio*
*McHenry County Recorder*

[seal]

by _____
Clerk, Recorder's Office

Located at:  667 Ware Road, Woodstock, IL
Mailing Address:
2200 N. Seminary Avenue, Room 109
Woodstock, IL 60098
815-334-4110      fax 815-334-0276



*This document prepared by:*
Mark Nussbaum
Altman Schochet LLP
225 Broadway, 39th Floor
New York, NY 10007

After recording send to:
James R. Cambridge
Kerr, Russell and Weber, PLC
500 Woodward Avenue, Suite 2500
Detroit, MI 48226

*Send subsequent tax bills to:*
Edward Harvard Holdings,
LLC at 600 Town Center,
Dearborn, Michigan 48126

PHYLLIS K. WALTERS
RECORDER-MCHENRY COUNTY, IL
**2016R0017947**
05/26/2016 02:05PM   PAGES   12
RECORDING FEE      31.00
GIS FEE            15.00
STATE STAMP FEE   9765.00
COUNTY STAMP FEE  4882.50
RHSPS HOUSING FEE  9.00



STATE OF ILLINOIS

MAY.26.16

MC HENRY COUNTY



REAL ESTATE
TRANSFER TAX

1464750

FP351004

## SPECIAL WARRANTY DEED

THIS INDENTURE, made and entered into as of this 20th day of May, 2016, by and between Optima Harvard Facility LLC, a Delaware Limited Liability Company, whose address is 200 South Biscayne boulevard, 55th floor, Miami, Florida 33131 ("*Grantor*") and Edward Harvard Holdings, LLC, an Illinois limited liability company whose address is 600 Town Center, Dearborn, Michigan 48126 ("*Grantee*").

WITNESSETH: That for and in consideration of Ten Dollars ($10.00), cash in hand paid, and other good and valuable considerations, the receipt of all of which is hereby acknowledged, the Grantor has bargained and sold and does hereby bargain, sell, convey and confirm unto the Grantee the following described real estate, situated and being in the City of Harvard, County of McHenry State of Illinois:

For a complete description of the property, see Exhibit A attached hereto and made a part hereof.

This conveyance is made subject to the items listed on Exhibit B attached hereto and made a part hereof.

TO HAVE AND TO HOLD the aforesaid real estate, together with all the appurtenances and hereditaments thereunto belonging or in any wise appertaining unto the Grantee, its heirs, or successors and assigns in fee simple forever.

Grantor does hereby covenant with Grantee that it will warrant and forever defend the title and quiet possession to the hereinabove described property against the lawful claims of all persons claiming by, through or under Grantor, but not further or otherwise.

FIDELITY NATIONAL TITLE 99902614
1 of 1

OAKLAND/505477.1

McHenry County Recorder Phyllis K. Walters # 2016R0017947

Address of Property: 2001 North Division Street (Route 14) Harvard, IL 60033
Permanent Real Estate Index Number: 01-25-100-018 and 01-25-376-003

WITNESS the signature of the Grantor the day and year first above written.

Optima Harvard Facility LLC,
A Delaware Limited Liability Company
By: Optima Ventures LLC, sole member

STATE OF _Florida_ )
                   ) ss.
COUNTY OF _Dade_ )

I, the undersigned, a Notary Public in and for said County, in the State aforesaid, DO HEREBY CERTIFY that Mordechai Korf personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person, and acknowledged that he signed, sealed and delivered the said instrument as his free and voluntary act as such Managing Member of Optima Harvard Facility LLC, a Delaware Limited Liability Company for the uses and purposes therein set forth.

Given under my hand and official seal, this _20_ day of May, 2016.

Notary Public

Commission expires _03/04/2020_

GALINA SHABARSHINA
MY COMMISSION # FF 961971
EXPIRES: March 4, 2020
Bonded Thru Notary Public Underwriters

Fidelity Natl Title Ins
20 N Clark St  Ste 220
Chicago IL 60602  (MT)

OAKLAND/505477.1

## EXHIBIT A

### Legal Description of Property

LEGAL DESCRIPTION:

PARCEL 1:  THAT PART OF THE NORTH HALF OF THE NORTHWEST QUARTER OF SECTION 25, TOWNSHIP
46 NORTH, RANGE 5 EAST OF THE THIRD PRINCIPAL MERIDIAN, DESCRIBED AS FOLLOWS: COMMENCING
AT THE POINT OF INTERSECTION OF THE CENTER LINE OF U.S. ROUTE 14 WITH A LINE DRAWN PARALLEL
WITH AND 445.00 FEET NORTH OF THE SOUTH LINE OF THE NORTH HALF OF THE NORTHWEST QUARTER
OF SAID SECTION 25; THENCE EAST ON THE LAST DESCRIBED LINE, A DISTANCE OF 1047.0 FEET TO A
POINT; THENCE NORTH AT RIGHT ANGLES TO THE LAST DESCRIBED LINE, AT THE LAST DESCRIBED POINT,
FOR A DISTANCE OF 208.0 FEET TO A POINT FOR A PLACE OF BEGINNING; THENCE CONTINUING NORTH
ON THE LAST DESCRIBED LINE, FOR A DISTANCE OF 672.27 FEET TO A POINT ON THE NORTH LINE OF
THE NORTH HALF OF THE NORTHWEST QUARTER OF SAID SECTION 25; THENCE WEST ON THE LAST
DESCRIBED LINE, FOR A DISTANCE OF 616.58 FEET TO A POINT ON THE CENTER LINE OF SAID U.S. ROUTE
14; THENCE SOUTHWESTERLY ON THE CENTER LINE OF SAID U.S. ROUTE 14, FOR A DISTANCE OF 744.81
FEET TO A POINT, SAID POINT BEING ON A LINE DRAWN PARALLEL WITH AND 653.0 FEET NORTH OF THE
SOUTH LINE OF THE NORTH HALF OF THE NORTHWEST QUARTER OF SAID SECTION 25; THENCE EAST ON
THE LAST DESCRIBED LINE, FOR A DISTANCE OF 943.91 FEET TO THE PLACE OF BEGINNING, EXCEPT
THEREFROM THAT PART CONVEYED TO THE STATE OF ILLINOIS, DEPARTMENT OF TRANSPORTATION, BY
WARRANTY DEED RE CORDED JANUARY 17, 1995 AS DOCUMENT 95R001818, IN MCHE NRY COUNTY,
ILLINOIS; ALSO EXCEPTING THAT PART CONVEYED TO THE CITY OF HARVARD, ILLINOIS FOR HARVARD
HILLS ROAD AND CROWLEY ROAD BY CORPORATE QUIT CLAIM DEED FROM MOTOROLA, INC. RE
CORDED JUNE 1, 1995 AS DOCUMENT 95R021061.

PARCEL 2: THAT PART OF THE NORTH HALF OF THE NORTHWEST QUARTER OF SECTION 25, TOWNSHIP
46 NORTH, RANGE 5 EAST OF THE THIRD PRINCIPAL MERIDIAN, DESCRIBED AS FOLLOWS: COMMENCING
AT THE POINT OF INTERSECTION OF THE CENTER LINE OF U.S. HIGHWAY 14 WITH A LINE DRAWN
PARALLEL WITH AND 445.0 FEE T NORTH OF THE SOUTH LINE OF THE NORTH HALF OF THE NORTHWEST
QUARTER OF SAID SECTION 25 AND RU NNING THE NCE EAST ALONG SAID LAST DESCRIBED LINE, A
DISTANCE OF 1047.0 FEE T TO A POINT; THE NCE NORTH AT RIGHT ANGLES TO SAID LAST DESCRIBED
COURSE, A DISTANCE OF 208.0 FEE T TO A POINT; THE NCE WEST AT RIGHT ANGLES TO THE LAST
DESCRIBED COURSE, TO A POINT ON THE CENTER LINE OF SAID U.S. HIGHWAY 14; THENCE SOUTHER LY
ALONG THE CENTER LINE OF SAID U.S. HIGHWAY 14 TO THE PLACE OF BEGINNING, EXCEPT THEREFROM
THAT PART CONVEYED TO THE STATE OF ILLINOIS, DEPARTMENT OF TRANSPORTATION, BY WARRANTY
DEED RE CORDED JANUARY 17, 1995 AS DOCUMENT 95R001818, IN MCHE NRY COUNTY, ILLINOIS. ALSO

PARCEL 3: THAT PART OF THE WEST HALF OF THE NORTHE AST QUARTER AND THAT PART OF THE
NORTHWEST QUARTER OF SECTION 25, TOWNSHIP 46 NORTH, RANGE 5 EAST OF THE THIRD PRINCIPAL
MERIDIAN, DESCRIBED AS FOLLOWS: BEGINNING AT THE NORTHE AST CORNER OF THE WEST HALF OF
THE NORTHE AST QUARTER OF SAID SECTION 25 AND RU NNING THE NCE SOUTH ON THE EAST LINE
THERE OF, FOR A DISTANCE OF 863.35 FEE T TO A POINT; THE NCE WESTERLY ON A LINE FORMING AN
ANGLE OF 89 DEGREE S, 22 MINUTES, 51 SECONDS TO THE RIGHT, WITH A PROLONGATION OF THE LAST
DESCRIBED LINE, AT THE LAST DESCRIBED POINT, FOR A DISTANCE OF 680.67 FEE T TO A POINT; THE
NCE WESTERLY IN A STRAIGHT AND DIRE CT LINE, FOR A DISTANCE OF 2103.56 FEE T TO A POINT ON A
LINE DRAWN 445 FEE T NORTH OF AND PARALLEL WITH THE SOUTH LINE OF THE NORTH HALF OF THE

NORTHWEST QUARTER OF SAID SECTION 25, SAID POINT BEING 1047 FEE T EAST OF THE CENTER LINE OF U.S. ROU TE 14 AS MEASURE D ALONG THE LAST DESCRIBED PARALLEL LINE; THE NCE NORTH AT RIGHT ANGLES TO THE LAST DESCRIBED LINE, AT THE LAST DESCRIBED POINT, FOR A DISTANCE OF 880.27 FEE T TO A POINT ON THE NORTH LINE OF THE NORTHWEST QUARTER OF SAID SECTION 25; THE NCE EAST ON THE NORTH LINE THERE OF, FOR A DISTANCE OF 1462.88 FEE T TO THE NORTHE AST CORNER THERE OF; THE NCE EAST ON THE NORTH LINE OF THE WEST HALF OF THE NORTHE AST QUARTER OF SAID SECTION 25, FOR A DISTANCE OF 1319.85 FEE T TO THE PLACE OF BEGINNING, EXCEPT THERE FROM THAT PART CONVEYED TO THE STATE OF ILLINOIS, DEPARTMENT OF TRANSPORTATION, BY WARRANTY DEED RE CORDED JANUARY 17, 1995 AS DOCUMENT NO. 95R001818; ALSO EXCEPTING THAT PART CONVEYED TO THE  CITY OF HARVARD, ILLINOIS FOR HARVARD HILLS ROAD AND CROWLEY ROAD BY CORPORATE QUIT CLAIM DEED FROM MOTORO LA, INC. RE CORDED JUNE 1, 1995 AS DOCUMENT 95R021061, IN MCHE NRY COUNTY, ILLINOIS.

PARCEL 4; PART OF THE NORTHWEST QUARTER OF THE NORTHE AST QUARTER OF SECTION 25,TOWNSHIP 46 NORTH, RANGE 5 EAST OF THE THIRD PRINCIPAL MERIDIAN, DESCRIBED AS FOLLOWS:. COMMENCING AT THE NORTHE AST CORNER OF SAID NORTHWEST QUARTER OF THE NORTHE AST QUARTER; THE NCE SOUTHER LY ALONG THE EAST LINE OF SAID NORTHWEST QUARTER, A DISTANCE OF 863.35 FEE T FOR THE PLACE OF BEGINNING; THE NCE CONTINUING SOUTHER LY ALONG SAID EAST LINE, A DISTANCE OF 320.0 FEE T; THE NCE WESTERLY PARALLEL WITH THE NORTH LINE OF SAID NORTHWEST QUARTER, A DISTANCE OF 680.67 FEE T; THE NCE NORTHER LY PARALLEL WITH THE EAST LINE OF SAID NORTHWEST QUARTER, A DISTANCE OF 320.0 FEE T; THE NCE EASTERLY PARALLEL WITH THE NORTH LINE OF SAID NORTHWEST QUARTER, A DISTANCE OF 680.67 FEE T TO THE PLACE OF BEGINNING, IN MCHE NRY COUNTY, ILLINOIS; ALSO EXCEPTING THAT PART CONVEYED TO THE CITY OF HARVARD, ILLINOIS FOR HARVARD HILLS ROAD BY CORPORATE QUIT CLAIM DEED FROM MOTORO LA, INC. RE CORDED JUNE 1, 1995 AS DOCUMENT 95R021061.

PARCEL 5; THAT PART OF THE WEST HALF OF THE NORTHE AST QUARTER AND THAT PART OF THE NORTHWEST QUARTER OF SECTION 25, TOWNSHIP 46 NORTH, RANGE 5 EAST OF THE THIRD PRINCIPAL MERIDIAN, DESCRIBED AS FOLLOWS: COMMENCING AT THE NORTHE AST CORNER OF THE WEST HALF OF THE NORTHE AST QUARTER OF SAID SECTION 25 AND RU NNING THE NCE SOUTH ON THE EAST LINE THERE OF, FOR A DISTANCE OF 1183.35 FEE T TO A POINT FOR THE PLACE OF BEGINNING; THE NCE WESTERLY ON A LINE FORMING AN ANGLE OF 89 DEGREE S, 22 MINUTES, 51 SECONDS TO THE RIGHT, WITH A PROLONGATION OF THE LAST DESCRIBED LINE, AT THE LAST DESCRIBED POINT, FOR A DISTANCE OF 680.67 FEE T TO A POINT; THE NCE NORTH PARALLEL WITH THE EAST LINE OF THE WEST HALF OF THE NORTHE AST QUARTER OF SAID SECTION 25, FOR A DISTANCE OF 320 FEE T TO A POINT; THE NCE WESTERLY IN A STRAIGHT AND DIRE CT LINE, FOR A DISTANCE OF 2103.56 FEE T TO A POINT ON A LINE DRAWN 445 FEE T NORTH OF AND PARALLEL WITH THE SOUTH LINE OF THE NORTH HALF OF THE NORTHWEST QUARTER OF SAID SECTION 25, SAID POINT BEING 1047 FEE T EAST OF THE CENTER LINE OF U.S. ROU TE 14 AS MEASURE D ALONG THE LAST DESCRIBED PARALLEL LINE; THE NCE WEST ON THE LAST DESCRIBED LINE, FOR A DISTANCE OF

1179.40 FEE T TO A POINT ON THE WEST LINE OF THE NORTHWEST QUARTER OF SAID SECTION 25;  THE NCE SOUTH ON THE WEST LINE THERE OF, FOR A DISTANCE OF 1768.25 FEE T TO THE SOUTHWEST

CORNER THERE OF; THE NCE EAST ON THE SOUTH LINE THERE OF, FOR A DISTANCE OF 2645.07 FEE T TO
THE SOUTHE AST CORNER THERE OF; THE NCE EAST ON THE SOUTH LINE OF THE WEST HALF OF THE
NORTHE AST QUARTER OF SAID SECTION 25, FOR A DISTANCE OF 1318.35 FEE T TO THE SOUTHE AST
CORNER THERE OF; THE NCE NORTH ON THE EAST LINE THERE OF, FOR A DISTANCE OF 1455.54 FEE T TO
THE PLACE OF BEGINNING, (EXCEPTING THERE FROM THAT PART THERE OF LYING WESTERLY OF THE
CENTER LINE OF U.S. ROU TE 14), AND EXCEPTING THEREFROM THAT PART CONVEYED TO THE STATE OF
ILLINOIS, DEPARTMENT OF TRANSPORTATION, BY WARRANTY DEED RE CORDED JANUARY 17, 1995 AS
DOCUMENT 95R001818, IN MCHE NRY COUNTY, ILLINOIS; ALSO  EXCEPTING THAT PART CONVEYED TO
THE CITY OF HARVARD, ILLINOIS FOR HARVARD HILLS ROAD BY CORPORATE QUIT CLAIM DEED FROM
MOTORO LA, INC. RE CORDED JUNE 1, 1995 AS DOCUMENT 95R021061.

PARCEL 6: THE NORTHE AST 1/ 4 OF THE SOUTHWEST 1/ 4 OF SECTION 25, TOWNSHIP 46 NORTH,
RANGE 5 EAST OF THE THIRD PRINCIPAL MERIDIAN, ALSO THE NORTH 548.65 FEE T OF THE SOUTHE AST
1/ 4 OF THE SOUTHWEST 1/ 4 OF SECTION 25 , TOWNSHIP 46 NORTH, RANGE 5 EAST OF THE THIRD
PRINCIPAL MERIDIAN, EXCEPTING FROM THE AFORESAID TAKEN AS A TRACT THAT PART LYING
EASTERLY OF THE WESTERLY RIGHT OF WAY LINE OF HARVARD HILLS ROAD, CONVEYED TO THE CITY OF
HARVARD BY CORPORATE QUIT CLAIM DEED FROM MOTORO LA, INC. RE CORDED JUNE 1, 1995 AS
DOCUMENT 95R021061, ALL IN MCHE NRY COUNTY, ILLINOIS.

PARCEL 7: THAT PART OF THE NORTHWEST QUARTER OF THE SOUTHE AST QUARTER OF SECTION 25,
TOWNSHIP 46 NORTH, RANGE 5 EAST OF THE THIRD PRINCIPAL MERIDIAN, LYING NORTH AND WEST OF
HARVARD HILLS ROAD, AS SAID HARVARD HILLS ROAD WAS CONVEYED TO THE CITY OF HARVARD,
ILLINOIS, BY CORPORATE QUIT CLAIM DEED FROM MOTORO LA, INC., RE CORDED JUNE 1, 1995 AS
DOCUMENT NUMBER 95R021061, IN MCHE NRY COUNTY, ILLINOIS.

## EXHIBIT B

### Permitted Exceptions

# PERMITTED EXCEPTIONS

1.    Intentionally Deleted.

2.    ( Intentionally Deleted.

3.    Intentionally Deleted,

4.    Terms and provisions contained in City of Harvard Ordinance #94-123 annexing the land to the
      City of Harvard recorded August 22, 1994 as document 94R049515.

5.    Rights of the public, the State of Illinois and the municipality in and to that part of the land, if
      any, taken or used for road purposes.

6.    Rights of way for existing drainage tiles, ditches, feeders, laterals and underground pipes, if any.

7.    Easement in favor of Illinois Northern Utilities Company, and its/their respective successors and
      assigns, to install, operate and maintain all equipment necessary for the purpose of serving the
      land and other property, together with the right of access to said equipment, and the provisions
      relating thereto, contained in the grant recorded April 16, 1931 in Book 16 of Miscellaneous
      Records, Page 246.

8.    Easement in favor of Northern Illinois Gas Company, its successors and assigns, to lay, maintain,
      operate, renew, and remove gas mains and other necessary facilities, granted by instrument
      recorded November 18, 1976 as document 679930, and the further terms and provisions
      contained therein.

9.    Rights of Northern Illinois Gas Company, its successors and assigns, to lay, maintain, operate,
      renew, and remove gas mains and other necessary facilities over part of the West 1/2 of the
      Northwest 1/4 of Section 25, Township 46 North, Range 5 East of the Third Principal Meridian,
      lying between the center line of Route 14 and a line drawn 10 feet East of the East right of way
      line with right of access thereto under and by virtue of the permit recorded November 18, 1976
      as document 679930, and the provisions therein contained.

[continued on following page]

10.   Permit recorded April 16, 1931 in Book 16 of Miscellaneous Records, Page 249 in favor of Illinois Northern Utilities Company, a corporation of Illinois, its successors and assigns of the right to place and maintain its poles, wires and necessary fixtures, with the right of access to the same for the maintaining thereof and to operate an electric transmission line upon and over the same; also to trim or cut such saplings and trees as may be necessary for the proper construction operation and maintenance of said poles, wires and necessary fixtures upon and over the east side of the highway that passes through grantor's property in the Northwest Quarter of the Northwest · Quarter of Section 25 aforesaid.

11.   Rights of the public, the State of Illinois and the municipality in and to so much of the land acquired for road purposes by instrument recorded June 22, 1923 in Book 7 of Miscellaneous Records, Page 194, and by instrument recorded June 22, 1923 in Book 7 of Miscellaneous ·Records, Page 226.

12.   ·Notice by the State of Illinois Department of Public Works and Buildings of an order establishing a freeway by instrument recorded August 16, 1957 as document 327120 and the provisions contained in said instrument.

      Note: Second amendment to the order establishing a freeway providing notice that a portion of the freeway described in the aforementioned order is rescinded, recorded September 22, 1995 as document 95R040311.

13.   Rights of Northern Illinois Gas Company, its successors and assigns, to lay, maintain, operate, renew, and remove gas mains and other necessary facilities over that part of the land falling within U.S. Route 14 and within a 10 foot strip lying Easterly of the Easterly right of way line of said Route 14 with right of access thereto under and by virtue of the permit recorded January 6, 1977 as document 683871, and the provisions therein contained.

14.   Easement for pole and electric line in favor of Illinois Northern Utilities Company, its successors and/or assigns, as disclosed by unrecorded grant attached to letter from Commonwealth Edison dated June 17, 1994, said grants being dated November 5, 1947 and October 31, 1947, for the side of the highway that forms the east boundary line of the land.

15.   Easement in favor of Illinois Northern Utilities Company, and its/their respective successors and assigns, to install, operate and maintain all equipment necessary for the purpose of serving the land and other property, together with the right of access to said equipment, and the provisions relating thereto contained in the grant recorded in Book 16 of Miscellaneous Records, Page 251, affecting part of the Southwest Quarter of the Northwest Quarter of Section 25, Township 46 North, Range 5 East of the Third Principal Meridian and other land.

16.   Rights of the public, the State of Illinois and the municipality in and to so much of the land acquired for road purposes by instrument recorded May 8, 1967 as document 472321.

17.   Motorola, Inc. Wetland Deed Restriction/Covenant to U.S. Army Corps of Engineers dated April 11, 2003 and recorded May 16, 2003 as document 2003R0064557, and the terms and provisions contained therein, as amended by instrument recorded April 21, 2005 as document 2005R0030512.

18.   ~~Existing unrecorded leases, if any, and rights of parties in possession under such unrecorded leases.~~

(Easements)

1.    Underground Electric Line(s) Easement dated January 28, 1995 made by Robert
      Anderson and Connie Anderson in favor of Motorola, recorded in the office of the
      Recorder of Deeds of McHenry County, Illinois on March 28, 1995 as Document No.
      95R 010889.

2.    Overhead and Underground Electric Line(s) Easement dated January 28, 1995 made by
      Gordon J. Polyock and Jeannette H. Polyock in favor of Motorola, recorded in the office
      of the Recorder of Deeds of McHenry County, Illinois on March 28, 1995 as Document
      No. 95R 010890.

3.    Underground Electric Line(s) Easement dated January 28, 1995 made by Alan E. Feragen
      and Gayle M. Feragen in favor of Motorola, recorded in the office of the Recorder of
      Deeds of McHenry County, Illinois on March 28, 1995 as Document No. 95R 010891.

4.    Underground Electric Line(s) Easement dated January 28, 1995 made by Peter Ciocchetti
      and Caterina Ciocchetti in favor of Motorola, recorded in the office of the Recorder of
      Deeds of McHenry County, Illinois on March 28, 1995 as Document No. 95R 010892.

5.    Underground Electric Line(s) Easement dated January 28, 1995 made by Robert J. Raupp
      and Barbara A./ Raupp in favor of Motorola, recorded in the office of the Recorder of
      Deeds of McHenry County, Illinois on March 28, 1995 as Document No. 95R 010893.

6.    Overhead and Underground Electric Line(s) Easement dated February 11, 1995 made by
      Man Jong Park a/k/a Man Jang Park and Yuk Bin Park in favor of Motorola, recorded in
      the office of the Recorder of Deeds of McHenry County, Illinois on March 28, 1995 as
      Document No. 95R 010894.

7.    Overhead and Underground Electric Line(s) Easement dated February 7, 1995 made by
      Patrick R. Fritz and Dawn M. Fritz in favor of Motorola, recorded in the office of the
      Recorder of Deeds of McHenry County, Illinois on March 28, 1995 as Document No.
      95R 010895.

8.    Underground Electric Line(s) Easement dated March 1, 1995 made by Ronald Benacti in
      favor of Motorola, recorded in the office of the Recorder of Deeds of McHenry County,
      Illinois on March 28, 1995 as Document No. 95R 010896.

Court File No.:

ONTARIO
SUPERIOR COURT OF JUSTICE
(Toronto Region)

IN THE MATTER OF an Application by the Attorney
General of Ontario pursuant to section 462.33 of the
*Criminal Code of Canada* for an Order restraining
certain property

B E T W E E N:

HER MAJESTY THE QUEEN

Applicant

- and -

EDWARD HARVARD HOLDINGS, LLC

Respondent
(*ex parte*)

---

RESTRAINT ORDER
(Real Property – 2001 North Division Street (Route
14) Harvard IL, U.S.A.)

---

Susan Ficek
Counsel for the Applicant
Ministry of the Attorney General
Crown Law Office – Criminal
10th Floor, 720 Bay Street
Toronto, Ontario
M7A 2S9
Phone: (416) 326-4583
Fax: (416) 326-4656
Email: susan.ficek@ontario.ca

# EXHIBIT A
# ATTACHMENT A-2

Court File No.: *MO*
17-0365-MO

**ONTARIO**
**SUPERIOR COURT OF JUSTICE**
(Toronto Region)

| | | |
|---|---|---|
| THE HONOURABLE M | ) | _____*Tues*_____ DAY, THE |
| | ) | |
| JUSTICE  *MC MAHON* | ) | _____*19*_____ DAY OF |
| | ) | |
| | ) | _____*December*_____ , 2017 |
| | ) | |

IN THE MATTER OF an Application by the Attorney General of Ontario pursuant to section 462.33 of the *Criminal Code of Canada* for an Order restraining certain property

B E T W E E N:

HER MAJESTY THE QUEEN

Applicant

- and -

EDWARD HARVARD HOLDINGS, LLC
and 600 TOWN CENTER REALTY LLC

Respondents
(*ex parte*)

_____

**RESTRAINT ORDER**
(Real Property – 600 Town Center Drive, Dearborn, Michigan, U.S.A.)

_____

UPON THE *EX PARTE* APPLICATION in writing by the Attorney General for Ontario for an order pursuant to section 462.33 of the *Criminal Code of Canada*.

AND UPON READING the Notice of Application and the Affidavit of Steven Han, peace officer, which affidavit accompanies the Application.

AND UPON the Attorney General for Ontario undertaking to pay any damages or costs that may be ordered by a court of competent jurisdiction in relation to the execution and making of this Order.

AND UPON BEING SATISFIED that there is no requirement of notice of this Application as giving notice would result in the disappearance, dissipation or reduction of value of the property sought to be restrained or otherwise affect the property so that all or part thereof could not be subject to an order of forfeiture under subsection 462.37(1) or 462.38(2) of the *Criminal Code of Canada*.

AND UPON BEING SATISFIED that there are reasonable grounds to believe that there exists property in respect of which an order of forfeiture may be made under subsection 462.37(1) or 462.38(2) of the *Criminal Code of Canada*, to wit:

Real Estate Property:

The land and commercial premises municipally known as: 600 Town Centre Drive, Dearborn, Michigan 48126, U.S.A.; Tax Parcel Number 82-09-232-01-003; as more fully and completely legal description of the property containing in the Warranty Deed attached hereto and marked as Schedule "A".

(hereinafter referred "the Real Estate Property")

Insurable Interest

Any Insurable interest in the Real Estate Property including the right to receive the proceeds of insurance of any policies of insurance issued against the Real Estate Property.

(hereinafter referred "the Insurable Interest")

1.     **THIS COURT ORDERS** that all persons are prohibited from disposing of, or otherwise dealing with, in any manner whatsoever, any interest in the Real Estate Property, except as hereinafter provided.

2.     **THIS COURT FURTHER ORDERS** that no mortgage, hypothec, charge, conveyance of any interest or any other encumbrance whatsoever or agreement to mortgage, charge, hypothec or convey any interest may be entered into in respect of or registered against any of the real estate property except as may be permitted by further order of this Court or with the written consent of the Attorney General of Ontario, and any such mortgage, hypothec, charge, interest or any other encumbrance or agreement noted above shall be deemed void.

3.     **THIS COURT FURTHER ORDERS** that no writ of seizure and sale filed after the date of this order shall attach or bind any of the Real Estate Property without an order of a Justice of this Court.

4.     **THIS COURT FURTHER ORDERS** that the registered owners of the Real Estate Property (hereinafter the "owners") or lawful occupants of the Real Estate Property shall be permitted to continue to occupy the real estate property **PROVIDED THAT** the owners shall:

    a) maintain the Real Estate Property in a good state of repair and take all steps reasonably necessary to preserve the Real Estate Property and ensure that the Real Estate Property is insured against all common perils;

    b) within 14 days of service of this order upon the owners, provide the Director of Asset Management – Criminal, Ministry of the Attorney General, 720 Bay Street,

10th Floor, Toronto, Ontario, M7A 2S9, with a copy of any certificate of insurance or insurance policy in force in respect of the Real Estate Property.

5.    **THIS COURT FURTHER ORDERS** that the Director of Asset Management – Criminal, Ministry of the Attorney General of Ontario, may obtain any statements of account or proof of compliance with respect to: the obligations of the owners under the terms and covenants contained in any rules or other agreements, mortgages, charges or other encumbrance; municipal work orders and by-laws, provincial building code regulations and orders; realty and property taxes and all expenses for fees and utilities, including charges for hydro, water, sewage and gas, assessed or incurred in respect of the real estate property together with any arrears; and insurance premiums with respect to any policies of insurance issued against the Real Estate Property.

6.    **THIS COURT FURTHER ORDERS** that any person or service provider shall provide such statements as outlined in paragraph 5 of this Order, and/or proof of compliance without charge within ten days of a written request by the Director of Asset Management – Criminal, Ministry of the Attorney General of Ontario.

7.    **THIS COURT FURTHER ORDERS** that, if all or a portion of the Real Estate Property is the subject of a rental agreement as of the date of this order, then the owners of the Real Estate Property may continue to rent the Real Estate Property subject to the terms of the existing rental agreement, **PROVIDED THAT** there shall be no variation to any existing rental agreement, and no new rental agreement shall be entered into in respect of the Real Estate Property, except upon the written consent of the Attorney General for Ontario or his agent, or unless otherwise ordered by this Court after giving notice to the Attorney General for Ontario, and to any other interested person or

persons and after providing a reasonable opportunity for such persons to make submissions with respect to the intended variation or new agreement.

8.      **THIS COURT FURTHER ORDERS** that the Real Estate Property may be sold in accordance with the following procedure:

   (a) Any offer to purchase any of the Real Estate Property shall be submitted to the Attorney General for Ontario by the owners or any other vendor before it is accepted by the owners or any other vendor;

   (b) No offer to purchase the Real Estate Property may be accepted by the owners or any other vendor without the written consent of the Attorney General for Ontario. If the Attorney General for Ontario approves, the sale of the Real Estate Property may be completed, and the whole of the purchase price, less approved adjustments, the usual disbursements on a similar sale and any outstanding principal, interest, penalties or costs under any existing mortgage, charge or other encumbrance shall be paid to the Attorney General for Ontario and remain there until further order of this Court or a court of competent jurisdiction. If the offer is not approved by the Attorney General for Ontario or there is any disagreement with respect to the completion of the sale, a Justice of this Court, on application on three days notice to any interested party, may approve the sale and give such directions as are necessary to complete the sale. On such application, counsel for the Attorney General for Ontario, the purchaser, the owners, and any other vendor, shall be given a reasonable opportunity to make submissions, on their own or by counsel on their behalf, to this Court with respect to the offer to purchase or the completion of the sale;

(c) If the offer to purchase is approved by a Justice of this Court after the hearing
of submissions by counsel for the Attorney General for Ontario, the
purchaser, the owners, and any other vendor, on their own or by counsel on
their behalf, the sale of the real estate property may be completed. Upon the
completion of the sale the whole of the purchase price, less approved
adjustments, the usual disbursements on a similar sale and any outstanding
principal, interest, penalties or costs under any existing mortgage, charge or
other encumbrance shall be paid to the Attorney General for Ontario and
remain there until further order of this Court or a court of competent
jurisdiction;

(d) After the completion of a sale in accordance with subparagraphs (b) or (c)
above, the registration of the transfer with the consent of Her Majesty In
Right of Ontario, and the registration of an Application to Amend (to delete
this order) by the Attorney General for Ontario, this order shall cease to bind
the property and the land registrar is authorized and directed to delete this
order from title to the property.

9.      **THIS COURT FURTHER ORDERS** that no action, application · or other
proceedings shall be taken or continued against the Real Estate Property without the
written consent of the Attorney General for Ontario or leave of this Court first being
obtained, **PROVIDED THAT** this paragraph does not apply to any encumbrancer
enforcing any rights arising out of the terms and conditions of any existing mortgage,
charge or other encumbrance.   In the event that any action, application or other
proceeding is commenced by any encumbrancer, other than the Attorney General for

Ontario exercising rights under this Order, the Attorney General for Ontario shall be served in the manner set out in this Order. Nothing in this paragraph shall interfere with the rights of sale set out in this Order.

10.    THIS COURT FURTHER ORDERS that in the event of a claim being made by an insured on a policy of insurance issued against the real estate property, subject to the rights of any mortgagee arising out of a loss payable clause in any policy of insurance, the proceeds of insurance shall be paid into court and remain there until further order of this Court.

11.    THIS COURT FURTHER ORDERS that a copy of this order be served, in any manner provided for in the *Criminal Proceedings Rules*, upon the following persons:

   a) Edward Harvard Holdings, LLC -- 600 Town Center, Dearborn, Michigan 48126, IL, U.S.A.;

   b) 600 Town Centre Realty LLC -- 185 Yorkland Boulevard, Toronto, Ontario;

   c) Xiao Hun Gong -- 185 Yorkland Boulevard, Toronto, Ontario;

   d) Xiao Hun Gong -- 99 York Mills Road, Toronto, Ontario; and

   e) Xiao Hun Gong -- 12A Park Lane Circle, Toronto, Ontario.

12.    THIS COURT FURTHER ORDERS that the Attorney General for Ontario or counsel instructed by him may, on three clear days notice to the Respondent, apply to a Judge of this Court for a variation, amendment to or addition of any term of this Order.

13.     **THIS COURT FURTHER ORDERS** that service of any documents or notices of any application on the Attorney General for Ontario may be served at the Crown Law Office – Criminal, 720 Bay Street, 10th Floor, Toronto, Ontario, M7A 2S9.

14.     **THIS COURT FURTHER ORDERS** that a copy of this order shall be registered against any property in accordance with the laws.

15.     **FOR GREATER CERTAINTY**, as provided by subsections 462.35(2) & (3) of the *Criminal Code*, this order may continue in force for a period or periods in excess of six months from the date of this order if proceedings are instituted in respect of which the restrained properties may be forfeited.

16.     **NOTHING** in this order prohibits the registration of a writ of execution by a party whose interest is already registered on title as of the date of this order providing that any sale, pursuant to such a writ, must be approved in accordance with paragraph 3.

Dated at the City of Toronto, Ontario, this     *19*  day of  *December* 2017.

_____
Justice
Ontario Superior Court of Justice

*TAKE NOTICE*

Section 462.33(11) of the *Criminal Code of Canada* provides as follows:

> *Any person on whom an order under subsection (3) is served in accordance with this section and who while the order is in force, acts in contravention of or fails to*

*comply with the order is guilty of an indictable offence or an offence punishable on summary conviction.*

Schedule "A"

**2016 JAN 21  PM 3: 38**

Bernard J. Youngblood
Wayne County  Register of Deeds
2016033250
01/21/2016 03:38 PM   L: 52686 P: 1464
                      UD        Total Pages: 4

## WARRANTY DEED

On January 14, 2016, ROYAL REALTY, LLC, a Michigan Limited Liability Company, whose address is 600 Town Centre Drive, Dearborn, Michigan 48126 (Grantor), conveys and warrants to 600 TOWN CENTER REALTY LLC, whose address is 185 Yorkland Blvd., North York, Ontario M214R2 (Grantee), the real property commonly known as 600 Town Centre Drive, Dearborn, Michigan 48126, and described on Exhibit A (the Premises)

for **Twenty Million ($20,000,000.00) Dollars**

Subject to any easements and building and use restrictions of record and the lien of taxes not yet due and payable.

Grantors grants to Grantee the right to make all divisions under Section 108 of the Land Division Act, Act No. 288 of the Public Acts of 1967. This property may be located within the vicinity of farmland or a farm operation. Generally accepted agricultural and management practices which may generate noise, dust, odors, and other associated conditions may be used and protected by the Michigan Right to Farm Act.

[Signature and notary jurat appear on the following page]

MICHIGAN REAL ESTATE TRANSFER TAX
  Wayne County  Tax Stamp #394332
        01/21/2016

Receipt# 16-30725  L: 52686 P: 1464
State Tax: $150000.00 County Tax: $22000.00

726910BH

2016033250    Page 2 of 4

Royal Realties, LLC :

Dated: January 14, 2016

By: _____
        Sidney Elhadad
Its:   Manager

STATE OF MICHIGAN          )
COUNTY OF OAKLAND          )

The foregoing instrument was acknowledged before me on January 14, 2016 by Sidney Elhadad, a manager of Royal Realties, LLC, a Michigan limited liability company, on behalf of the Limited Liability Company.

_____
WILLIAM VITALE
Notary Public, State of Michigan
My Commission expires   8/23   , 2018
Acting in the County of  Oakland

Drafted by:
Eric J. Gould, Esq.
26862 Woodward Avenue, Suite 200
Royal Oak, MI 48067

When recorded return to and Send subsequent tax bills to:
Xian Hun Gong
185 Yorkland Blvd.
North York, Ontario M214R2
CANADA

Recording Fee:

Transfer Tax:
STATE: $150,000.00
COUNTY: $22,000.00

2016033250    Page 3 of 4

## EXHIBIT A

### REAL PROPERTY

Real property in the City of Dearborn, County of Wayne, State of Michigan, described as follows:

Parcel of land being Lot 14 and part of Lot 13, part of Lot 15, part of Lot 16, and part of Lot 17 of Fairlane Town Center, a subdivision of part of the Southeast 1/4 of Fractional Section 14, Town 2 South, Range 10 East, and part of Private Claims 317 and 318, and Private Claims 662 and 663, City of Dearborn, Wayne County, Michigan, recorded in Liber 96, Pages 29 through 46, Wayne County Records, and more particularly described as: Beginning at the lot common to Lots 14 and 15 and the Northerly line of Southfield Freeway and Michigan Avenue Interchange; thence South 60 degrees 30 minutes 49 seconds West, 237.84 feet along a line common to Lot 15 and the Northerly line of Southfield Freeway and Michigan Avenue Interchange; thence South 78 degrees 52 minutes 34 seconds West, 307.92 feet along a line common to Lot 15 and the Northerly line of Southfield Freeway and Michigan Avenue Interchange; thence North 02 degrees 15 minutes 58 seconds West, 290.96 feet to a point on a line common to Lots 15 and 16; thence North 26 degrees 54 minutes 30 seconds East, 61.00 feet along a line common to Lots 15 and 16, to a point of curve; thence Northeasterly along a line common to Lots 15 and 16, and the arc of a curve to the right 72.99 feet, said curve having a radius of 75.00 feet, central angle 55 degrees 45 minutes 37 seconds and a chord bearing and distance North 54 degrees 47 minutes 18 seconds East, 70.14 feet; thence North 01 degree 58 minutes 34 seconds West, 245.30 feet parallel with the line common to Lots 14 and 16; thence North 46 degrees 58 minutes 34 seconds West, 611.29 feet parallel with the line common to Lots 14 and 17, to a point on a curve, said point being on the outside perimeter of Town Center Drive, 55.00 feet wide; thence Easterly along the outside perimeter of Town Center Drive, 55.00 feet wide and the arc of a curve to the left, 88.47 feet to a point on a curve, and also the lot corner common to Lots 14 and 17, said curve having a radius of 827.61 feet, central angle of 06 degrees 07 minutes 30 seconds and chord bearing and distance North 66 degrees 40 minutes 54 seconds East, 88.43 feet; thence continuing along the outside perimeter of Town Center Drive 55.00 feet wide and the arc of a curve to the left, 216.70 feet to a point on a curve, said curve having a radius of 827.61 feet, central angle 15 degrees 00 minutes 08 seconds, and a chord bearing and distance North 56 degrees 07 minutes 07 seconds East, 216.08 feet; thence continuing along the outside perimeter of Town Center Drive, 55.00 feet wide and the arc of a curve to the left, 350.76 feet to a point of curve, said curve having a radius of 1335.48 feet, central angle 15 degrees 02 minutes 55 seconds and a chord bearing and distance North 41 degrees 05 minutes 36 seconds East, 349.76 feet; thence continuing along the outside perimeter of Town Center Drive, 55.00 feet wide and the arc of a curve to the left 19.29 feet, said curve having a radius of 1335.48 feet, central angle 00 degrees 49 minutes 39 seconds, and a chord bearing and distance North 33 degrees 09 minutes 20 seconds East, 19.29 feet to a point; thence South 46 degrees 58 minutes 34 seconds East, 586.70 feet parallel with the line common to Lots 13 and 14 to a point; thence North 88 degrees 01 minute 26 seconds East, 347.37 feet parallel to the line common to Lots 13 and 14 to a point; thence South 46 degrees 58 minutes 34 seconds East, 212.93 feet to a point on the Northerly line of Southfield Freeway and Michigan Avenue Interchange; thence South 35 degrees 01 minute 26 seconds West, 943.82 feet to the Point of Beginning.

BH0J112044694
IDVCKO - 099966/0019

A-1

This is to certify that there are no delinquent property taxes owed to our office on this property for five years prior to the date of this instrument. No representation is made as to the status of any tax liens or liens assessed to any other entities. Not Examined. WAYNE COUNTY TREASURER Clerk

Case 1:18-mc-00072-KBJ   Document 1-1   Filed 05/29/18   Page 38 of 46

Together with non-exclusive perpetual Access Rights in the Finger Roads and the Ring Road, as defined and set forth in that certain Deed of Conveyance and Grant and Reservation of Easements between Ford Motor Land Development Corporation and Fairlane Town Center, dated as of August 10, 1973 and recorded March 21, 1974 in Liber 18757, Page 268, as amended by the Amendment thereof dated as of August 10, 1973 and recorded May 17, 1974 in Liber 18805, Page 394, Wayne County Records.

Property Address:  600 Town Center Drive
Tax Parcel No.:  82-09-232-01-003

A-2

BH01\1204469.4
ID\CK.O - 099966/0019

Court File No.:

## ONTARIO
## SUPERIOR COURT OF JUSTICE
### (Toronto Region)

IN THE MATTER OF an Application by the Attorney General of Ontario pursuant to section 462.33 of the *Criminal Code of Canada* for an Order restraining certain property

BETWEEN:

### HER MAJESTY THE QUEEN

Applicant

- and -

### EDWARD HARVARD HOLDINGS, LLC and 600 TOWN CENTER REALTY LLC

Respondents
*(ex parte)*

---

### RESTRAINT ORDER
(Real Property – 600 Town Center Drive, Dearborn, Michigan, U.S.A.)

---

Susan Ficek
Counsel for the Applicant
Ministry of the Attorney General
Crown Law Office – Criminal
10th Floor, 720 Bay Street
Toronto, Ontario
M7A 2S9
Phone: (416) 326-4583
Fax: (416) 326-4656
Email: susan.ficek@ontario.ca

# EXHIBIT A
# ATTACHMENT A-3

**AND UPON** the Attorney General for Ontario undertaking to pay any damages or costs that may be ordered by a court of competent jurisdiction in relation to the execution and making of this Order.

**AND UPON BEING SATISFIED** that there is no requirement of notice of this Application as giving notice would result in the disappearance, dissipation or reduction of value of the property sought to be restrained or otherwise affect the property so that all or part thereof could not be subject to an order of forfeiture under subsection 462.37(1) or 462.38(2) of the *Criminal Code of Canada.*

**AND UPON BEING SATISFIED** that there are reasonable grounds to believe that there exists property in respect of which an order of forfeiture may be made under subsection 462.37(1) or 462.38(2) of the *Criminal Code of Canada,* to wit:

Real Estate Property:

The land and premises named Historic Pittsfield Building and municipally known as: 55 East Washington, Chicago, Illinois, U.S.A., the Building excluding 13-21 floors, as more fully, substantially and legally described in attached hereto and marked as Schedule "A".

(hereinafter referred "the **Real Estate Property**")

Insurable Interest

Any Insurable interest in the Real Estate Property including the right to receive the proceeds of insurance of any policies of insurance issued against the Real Estate Property.

(hereinafter referred "the **Insurable Interest**")

10th Floor, Toronto, Ontario, M7A 2S9, with a copy of any certificate of insurance or insurance policy in force in respect of the Real Estate Property.

5.     THIS COURT FURTHER ORDERS that the Director of Asset Management – Criminal, Ministry of the Attorney General of Ontario, may obtain any statements of account or proof of compliance with respect to: the obligations of the owners under the terms and covenants contained in any rules or other agreements, mortgages, charges or other encumbrance; municipal work orders and by-laws, building code regulations and orders; realty and property taxes and all expenses for fees and utilities, including charges for hydro, water, sewage and gas, assessed or incurred in respect of the real estate property together with any arrears; and insurance premiums with respect to any policies of insurance issued against the Real Estate Property.

6.     THIS COURT FURTHER ORDERS that any person or service provider shall provide such statements as outlined in paragraph 5 of this Order, and/or proof of compliance without charge within ten days of a written request by the Director of Asset Management – Criminal, Ministry of the Attorney General of Ontario.

7.     THIS COURT FURTHER ORDERS that, if all or a portion of the Real Estate Property is the subject of a rental agreement as of the date of this order, then the owners of the Real Estate Property may continue to rent the Real Estate Property subject to the terms of the existing rental agreement, PROVIDED THAT there shall be no variation to any existing rental agreement, and no new rental agreement shall be entered into in respect of the Real Estate Property, except upon the written consent of the Attorney General for Ontario or his agent, or unless otherwise ordered by this Court after giving notice to the Attorney General for Ontario, and to any other interested person or

(c) If the offer to purchase is approved by a Justice of this Court after the hearing
of submissions by counsel for the Attorney General for Ontario, the
purchaser, the owners, and any other vendor, on their own or by counsel on
their behalf, the sale of the real estate property may be completed. Upon the
completion of the sale the whole of the purchase price, less approved
adjustments, the usual disbursements on a similar sale and any outstanding
principal, interest, penalties or costs under any existing mortgage, charge or
other encumbrance shall be paid to the Attorney General for Ontario and
remain there until further order of this Court or a court of competent
jurisdiction;

(d) After the completion of a sale in accordance with subparagraphs (b) or (c)
above, the registration of the transfer with the consent of Her Majesty In
Right of Ontario, and the registration of an Application to delete this order by
the Attorney General for Ontario, this order shall cease to bind the property
and the land registrar is authorized and directed to delete this order from title
to the property.

9.     THIS COURT FURTHER ORDERS that no action, application or other
proceedings shall be taken or continued against the Real Estate Property without the
written consent of the Attorney General for Ontario or leave of this Court first being
obtained, PROVIDED THAT this paragraph does not apply to any encumbrancer
enforcing any rights arising out of the terms and conditions of any existing mortgage,
charge or other encumbrance. In the event that any action, application or other
proceeding is commenced by any encumbrancer, other than the Attorney General for

14.     THIS COURT FURTHER ORDERS that a copy of this order shall be registered against any property in accordance with the laws.

15.     FOR GREATER CERTAINTY, as provided by subsections 462.35(2) & (3) of the *Criminal Code of Canada,* this order may continue in force for a period or periods in excess of six months from the date of this order if proceedings are instituted in respect of which the restrained properties may be forfeited.

16.   ·  NOTHING in this order prohibits the registration of a writ of execution by a party whose interest is already registered on title as of the date of this order providing that any sale, pursuant to such a writ, must be approved in accordance with paragraph 3.

Dated at the City of Toronto, Ontario, this     *19* day of *December* , 2017.

_____
                                                              Justice
                                      Ontario Superior Court of Justice

*TAKE NOTICE*

Section 462.33(11) of the *Criminal Code of Canada* provides as follows:

> *Any person on whom an order under subsection (3) is served in accordance with this section and who while the order is in force, acts in contravention of or fails to comply with the order is guilty of an indictable offence or an offence punishable on summary conviction.*

DocuSign Envelope ID: E5E0F99E-75C4-4B6A-B367-E03A9C8BC5AC

DocuSign Envelope ID: E5E0F99E-75C4-4B6A-B367-E03A9C8BC5AC

## EXHIBIT "A"
Legal Description

PARCEL 1:

THAT PART OF LOTS 13, 14 AND THE NORTH 24 FEET OF LOT 12 IN BLOCK 15 IN FORT DEARBORN ADDITION TO CHICAGO, A SUBDIVISION OF THE SOUTHWEST FRACTIONAL QUARTER OF SECTION 10, TOWNSHIP 39 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, MORE PARTICULARLY DESCRIBED AS FOLLOWS:

THE FOLLOWING PARCEL OF LAND LYING ABOVE A HORIZONTAL PLANE AT ELEVATION +31.10 FEET (CHICAGO CITY DATUM) AND LYING BELOW A HORIZONTAL PLANE AT ELEVATION +133.43 FEET (CHICAGO CITY DATUM), IN COOK COUNTY, ILLINOIS.

FOR INFORMATION ONLY: FLOORS 2 THRU 9

PARCEL 2:

THAT PART OF LOTS 13, 14 AND THE NORTH 24 FEET OF LOT 12 IN BLOCK 15 IN FORT DEARBORN ADDITION TO CHICAGO, A SUBDIVISION OF THE SOUTHWEST FRACTIONAL 1/4 OF SECTION 10, TOWNSHIP 39 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, MORE PARTICULARLY DESCRIBED AS FOLLOWS:

THE FOLLOWING PARCEL OF LAND LYING ABOVE A HORIZONTAL PLANE AT ELEVATION +126.46 FEET (CHICAGO CITY DATUM) AND LYING BELOW A HORIZONTAL PLANE AT ELEVATION +162.97 FEET (CHICAGO CITY DATUM), IN COOK COUNTY, ILLINOIS.

FOR INFORMATION ONLY: FLOORS 10, 11, AND 12

PARCEL 3:

THAT PART OF LOTS 13 AND 14 AND THE NORTH 24 FEET OF LOT 12 IN BLOCK 15 IN FORT DEARBORN ADDITION TO CHICAGO, A SUBDIVISION OF THE SOUTHWEST FRACTIONAL 1/4 OF SECTION 10, TOWNSHIP 39 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, MORE PARTICULARLY DESCRIBED AS FOLLOWS:

THE FOLLOWING PARCEL OF LAND LYING ABOVE A HORIZONTAL PLANE AT ELEVATION +284.78 FEET (CHICAGO CITY DATUM) AND LYING BELOW A HORIZONTAL PLANE AT ELEVATION +529.68 FEET (CHICAGO CITY DATUM) IN COOK COUNTY, ILLINOIS.

FOR INFORMATION ONLY: FLOORS 23 THRU 40

Court File No.:

ONTARIO
SUPERIOR COURT OF JUSTICE
(Toronto Region)

IN THE MATTER OF an Application by the Attorney
General of Ontario pursuant to section 462.33 of the
*Criminal Code of Canada* for an Order restraining
certain property

BETWEEN:

HER MAJESTY THE QUEEN

Applicant

- and -

EDWARD HOTEL DETROIT LLC and
XIAO HUA GONG

Respondents
(*ex parte*)

RESTRAINT ORDER
(Real Property – 55 East Washington, Chicago,
Illinois, U.S.A.)

Susan Ficek
Counsel for the Applicant
Ministry of the Attorney General
Crown Law Office – Criminal
10th Floor, 720 Bay Street
Toronto, Ontario
M7A 2S9
Phone: (416) 326-4583
Fax: (416) 326-4656
Email: susan.ficek@ontario.ca