UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

In Re: ENFORCEMENT OF A RESTRAINING )
ORDER BY THE ONTARIO SUPERIOR COURT )
OF JUSTICE TO RESTRAIN THE FOLLOWING )
PROPERTIES OWNED OR CONTROLLED BY )
XIAO HUA GONG IN THE UNITED STATES )
INCLUDING: )
)
)                     1:18-MC- 00072 (KBJ)
ANY OR ALL INTEREST IN REAL PROPERTY )
LOCATED AT 2001 NORTH DIVISION STREET )
(ROUTE 14) HARVARD, ILLINOIS )
)
ANY OR ALL INTEREST IN REAL PROPERTY )
LOCATED AT 600 TOWN CENTER DRIVE, )
DEARBORN, MICHIGAN )
)
ANY OR ALL INTEREST IN REAL PROPERTY )
LOCATED AT 55 EAST WASHINGTON, )
CHICAGO, ILLINOIS on floors 2-12 and 23-40 )

---

## UNITED STATES' EMERGENCY MOTION TO UNSEAL

The United States of America, through its undersigned attorneys, respectfully submits this emergency motion requesting the expeditious 1) entry of an order unsealing the docket in this miscellaneous case, or 2) entry of the proposed orders in this case as soon as possible in light of an impending sale described below which we believe may not maximize the value of one of the properties as set forth below.

Procedural History

On May 29, 2018, the United States, acting upon a Mutual Legal Assistance Treaty request from Canada and pursuant to 28 U.S.C. § 2467(d)(3) and 18 U.S.C. § 983(j)(1), filed an *ex-parte* application to enforce and register three certified Canadian restraining orders against the

captioned assets. Along with the United States' Application, the United States attached a proposed restraining order for this Court's consideration. The United States advised that Canadian authorities have traced these properties to the proceeds of a major fraud scheme in Canada, China and New Zealand involving the sale of purportedly valuable dietary supplements and interests in businesses to thousands of consumers over the internet.

On June 6, 2018, this court issued an order requesting an explanation regarding the inclusion of certain language in the Proposed Restraining Order. On June 20, the United States filed the response to this Court's order to show cause[1].

<u>Need for Unsealing or Entry of the Proposed Restraining Orders</u>

The United States has been advised that the property located at 2100 North Division Street, Harvard, Il 60033 is subject to a tax sale that has been scheduled for <u>October 29, 2018</u> in the McHenry Country, IL. Given the sealed status of the instant case, the United States is not able to file a lis pendens in the appropriate county offices to encumber the assets sought to be restrained on behalf of Canada in connection with the Canadian criminal prosecution, and thereby attempt to adequately protect the Government of Canada's asserted interest in the captioned assets that are subject to forfeiture pursuant to Canadian law.[2]

The United States filed the initial motion in this case as an ex parte motion but did not seek to file it under seal because the related Canadian criminal case is a matter of public information. Nevertheless, it came to our attention that the documents filed in this case were

---

[1] While the United States believes it has sufficiently established the need and legal basis for the language in the proposed order in its response to this Court's order to show cause, in light of the pending sale, the United States will remove this standard language and propose a new order to expedite this Court's consideration, if requested.

[2] In the ordinary course, the United States pays outstanding tax and other valid liens when the property is sold as part of the forfeiture. The United States would plan to do so in this case. The United States prefers the opportunity for the U.S. Marshalls to market the property to be sold prior to tax sales in order to maximize the value recovered for victims of the crimes committed.

treated as filed under seal.

Since there is no sealing order in the case, and the United States has never requested to seal any documents, the United States respectfully requests that this Court make all the documents filed, to present, publicly accessible on ECF/PACER as soon as possible so that it may file a notice of lis pendis. Respectfully, if possible, the United States also requests that the Court give consideration to this motion as soon as possible to restrain the property and avoid possible diminution in value at the tax sale to be conducted.

>DEBORAH CONNOR, Chief
>Money Laundering and Asset Recovery Section
>Criminal Division
>United States Department of Justice
>
>By: _/s/_
>MARY K. BUTLER
>Chief, International Unit
>Mary.Butler@usdoj.gov
>JENNIFER WALLIS
>Trial Attorney
>Jennifer.Wallis@usdoj.gov
>U.S. Department of Justice
>Criminal Division
>Asset Forfeiture and Money Laundering Section
>1400 New York Avenue, N.W., 10100
>Washington, D.C. 20530
>Telephone: (202) 514-1263
>
>Attorneys for Applicant
>UNITED STATES OF AMERICA